# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **JUDY A. LITTLE**, | ) | |
|     Plaintiff, | ) | Civil Action No. 2:08cv00007 |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| **CAROLYN W. COLVIN**, | ) | |
|  **Acting Commissioner of** | ) | By: Pamela Meade Sargent |
|  **Social Security,** | ) | United States Magistrate Judge |
|     Defendant. | ) | |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 18) ("Motion"). Based on the reasoning set out below, the Motion will be granted.

Judy A. Little filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423 (West 2011). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, upon the Commissioner's motion to remand, by order entered August 26, 2008, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further consideration. (Docket Item No. 13.) Counsel for Little filed a petition for an award of fees under the Equal Access to Justice Act, ("EAJA"), found at 28 U.S.C. § 2412(d). (Docket Item No. 15.) By order entered September 23, 2008, this court awarded EAJA fees to Little's counsel in the amount of $1,625.00. (Docket Item No. 17.) Counsel for Little now has filed a

-1-

petition seeking approval of a fee of $3,687.50 for representing Little in this court, pursuant to 42 U.S.C.A. § 406(b). (Docket Item No. 18.) The Commissioner has responded to the Motion, not objecting to the plaintiff's request for a fee or to the amount requested. (Docket Item No. 24.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2011). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam). By order dated November 2013,[1] the Regional Chief Administrative Law Judge authorized Little's counsel to collect a fee in the amount of $10,500.00 for services provided to Little for proceedings before the Social Security Administration, pursuant to 42 U.S.C.A. § 406(a). (Docket Item No. 19-2.)

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Little's counsel has provided the court with an undated fee agreement, in which Little agreed to pay counsel 25 percent of her past-due Social Security benefits for representing her on her DIB claim if counsel ultimately was successful in pursuing the claim in this court. (Docket Item No. 19-3). Little's counsel also has provided the court with a copy of the Social Security Administration's July 12,

---

[1] The precise date of this order is illegible.

-2-

Case 2:08-cv-00007-JPJ-PMS   Document 26   Filed 09/09/14   Page 2 of 8   Pageid#: 85

2010, Notice of Award Letter, which states that it withheld $26,588.88, or 25 percent, from Little's past-due DIB benefits for payment of an attorney's fee. (Docket Item No. 19-1).

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past-due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Little's counsel has supplied evidence that shows that a total of 14.75 hours was spent in representing Little in this court. Counsel has noted that the hourly fee for this amount of hours would be $250.00. Counsel has not divided the time expended into attorney time and nonattorney time.[2]

The court further notes, however, that "it is not proper to award a full

---

[2] The court notes that two entries of the 22 entries contained in the itemization of time reflect that they were performed by plaintiff's counsel. The remaining entries, however, do not specify by whom they were performed.

attorney rate for activities that should more effectively be performed by nonlawyers." *Chapman v. Astrue*, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel claims .50 hour of time for reviewing the file to determine if an appeal was necessary and winnable. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this. Counsel also claims .25 hour of time for sending a letter to Little with the IFP forms for completion and return. I recommend that the court allow .25 hour of nonattorney time for this. Counsel claims .25 hour of time for taking a phone call from Little regarding the IFP forms, answering her questions and noting that Little would mail the filing fee. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time for this. Counsel also claims .50 hour of time for receipt, review and filing of the completed forms from Little for filing with the court. I recommend that the court allow .25 hour of nonattorney time for this. Counsel

-4-

claims 2.00 hours of time for preparation of the Complaint, supporting documentation and Order, Civil Cover Sheet and Summons and filing the same via the court's ECF system.  I recommend that the court allow .75 hour of nonattorney time for this.  Counsel also claims .25 hour of time for preparing and sending certified mail letters to the United States Attorney, Attorney General and Office of Regional Chief Counsel with copies of the Complaint and Summons for service.  I recommend that the court allow .25 hour of nonattorney time for this.  Counsel claims .25 hour of time for taking a phone call from Little regarding the status of her claim and answering her questions. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time for this.  Counsel also claims .25 hour of time for electronically completing the return of service with the court. I recommend that the court allow .25 hour of nonattorney time for this.  Counsel claims .25 hour of time for receipt of the Briefing Notice, Answer and Notice of Filing of the Administrative Record via ECF. I recommend that the court allow .25 hour of nonattorney for this. Counsel also claims .25 hour of time for receipt of the Magistrate Judge's notice and consent form and sending a letter to the court enclosing the signed consent to Magistrate Judge jurisdiction.  I find this request reasonable, and I recommend that the court allow .25 hour of attorney time for this.  Counsel claims 2.00 hours of time for receipt of the Administrative Transcript, review of the same by counsel and comparison with the information in Little's file to determine case strategy. I find this request reasonable, and I recommend that the court allow 2.00 hours of attorney time for this.  Counsel also claims .50 hour of time for filing via ECF a Motion for Extension of Time to file the Brief with a Proposed Order and .25 hour of time for receipt via ECF of the Order granting the same and recalendaring the briefing deadlines. I recommend that the court allow .25 hour of attorney time and .25 hour of nonattorney time for these activities.  Counsel claims a total of 6.00 hours of time for reviewing the file, the medical evidence and the Transcript for preparation of the Brief; review and

Case 2:08-cv-00007-JPJ-PMS   Document 26   Filed 09/09/14   Page 5 of 8   Pageid#: 88

preparation of research; review of the case in detail; preparation of a draft of the Brief; and review of the draft and making revisions thereto. I recommend that the court allow 4.00 hours of attorney time and 2.00 hours of nonattorney time for these activities combined. Counsel also claims .25 hour of time for filing the Brief via ECF. I recommend that the court allow .25 hour of nonattorney time for this. Counsel claims .50 hour of time for taking a call from Michelle T. with General Counsel proposing a voluntary sentence four remand and, later, review by counsel. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this. Counsel also claims .25 hour of time for receipt via ECF of the Commissioner's uncontested Motion for Remand and .25 hour of time for receipt via ECF of this court's Final Judgment and Order remanding the case and forwarding the same to Little. I recommend that the court allow .25 hour of attorney time and .25 hour of nonattorney time for these activities combined.

Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There is a total of 8.25 hours of attorney time and a total of 4.75 hours of nonattorney time. This court has held that $75 is a reasonable hourly rate for nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). At a $75 rate, $356.25 of the requested fee would be payable for nonattorney time. That would leave $3,331.25 for counsel's time, which, if paid for the remaining 8.25 hours of work, would result in a payment of approximately $403.79 per hour. While I cannot, in good conscience, find that such a fee in a social security disability case is per se reasonable, I am, as stated above, obliged to consider Little's fee agreement, which allowed for payment of 25 percent of past-due benefits. Additionally, the Government has responded to the Motion and states

that it does not object to the award of the requested fee. Considering these things, and in light of the fact that counsel undertook this case under a contingency fee arrangement, assuming the risk of no payment if benefits were not awarded, I find that a total fee of $3,687.50 is reasonable for the attorney's services before this court. Moreover, the total of the attorney's fee now sought and a previously authorized fee of $10,500.00 for services provided before the Social Security Administration, does not exceed 25 percent of the total of Little's past-due benefits. In fact, it appears that 25 percent of the past-due benefits is $26,588.88, which is more than $12,400.00 greater than the sum of the fee previously authorized and the fee now requested. Considering these things, I find that a total fee of $3,687.50 is reasonable for the attorney's services before this court. All of this being the case, I recommend that the court award the requested attorney's fee in the amount of $3,687.50.

Furthermore, an award of fees under 42 U.S.C. § 406(b)(1)(A) is deducted from the claimant's disability benefits, whereas an EAJA award is paid separately by the Government. Where attorney's fees are awarded under both provisions, as they have been in this case, the EAJA compensation serves as a reimbursement to the claimant for fees paid out of the disability award. In such a case, an attorney is not allowed a double recovery, in that the attorney must refund the amount of the smaller fee to the claimant. *See Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 1985 U.S.C.C.A.N. (99 Stat.) 186). Therefore, I further recommend that the court order Little's counsel to refund to Little the EAJA fees in the amount of $1,625.00 previously awarded.

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that the court grant the Motion and

enter judgment awarding the plaintiff's attorney a fee of $3,687.50. I further recommend that the court order counsel to refund to Little the $1,625.00 previously awarded under the EAJA.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2014):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendation as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: September 9, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE